IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREEN PARTY OF TENNESSEE, ) <br> ISA INFANTE, NORRIS DRYER, ) <br> KATY CULVER, MARTIN PLEASANT, ) <br> JOHN DOE AND JANE DOE ) <br>                      **Plaintiffs** ) <br> Vs. ) <br> ) <br> TRE HARGETT in his official capacity ) <br> as Tennessee Secretary of State, and MARK ) <br> GOINS, in his official capacity as Coordinator ) <br> of Elections for the State of Tennessee, ) <br>                      **Defendants** ) | Case No.: _____ |

## COMPLAINT

**COME NOW**, Plaintiff(s), **GREEN PARTY OF TENNESSEE, ISA INFANTE, NORRIS DRYER, KATY CULVER, MARTIN PLEASANT, JOHN DOE** and **JANE DOE** and sue Defendants **TRE HARGETT**, Tennessee Secretary of State, and **MARK GOINS**, Coordinator of Elections for the State of Tennessee, and say:

### Action and Jurisdiction:

1    This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs rights under the First and Fourteenth Amendments of the United States Constitution.

2    This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

### Parties:

3    The GREEN PARTY OF TENNESSEE is a political organization in Tennessee representing a constituency of citizens sharing the "progressive" political views associated with the Green Party and dependent on the Green Party to represent these views free of the political partisanship associates with established "statewide political parties."

4    The Green Party of Tennessee is a "recognized minor party" in Tennessee.

5    ISA INFANTE is a Tennessee registered voter, a member of the Green Party and a Green Party candidate for governor.

- 1 –

6     NORRIS DRYER is a Tennessee registered voter, a member of the Green Party and a Green Party candidate for U.S. Representative.

7     MARTIN PLEASANT is a Tennessee registered voter, a member of the Green Party and a Green Party candidate for U.S. Representative.

8     KATY CULVER is a Tennessee registered voter, a member and officer of the Green Party of Tennessee.

9     JOHN DOE is an unknown and unidentifiable future candidate of the Green Party of Tennessee.

10    JANE DOE is a registered voter in Tennessee who lacks a permitted form of photo identification and whose political views, goals, objectives and rights are represented, advanced and defended by the Green Party of Tennessee and who is a member of the constituency of the Green Party of Tennessee.

11    Defendant TRE HARGETT is the Secretary of State of Tennessee.

12    Defendant MARK GOINS is the Coordinator of Elections in the office of the Tennessee Secretary of State.

## Common Allegations:

19    The right to vote is a fundamental right under the U.S. Constitution.

20    The right to associate for political purposes is a fundamental right under the U.S. Constitution.

21    TCA §2-1-104(a)(24) defines a "recognized minor party" as:

> "any group or association that has successfully petitioned by filing with the coordinator of elections a petition which shall conform to requirements established by the coordinator of elections, but which must at a minimum bear the signatures of registered voters equal to at least two and one-half percent (2.5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor, and on each page of the petition, state its purpose, state its name, and contain the names of registered voters from a single county;"

23.    TCA §2-1-104(a)(30), defines a ""Statewide political party" as --

> "A political party at least one (1) of whose candidates for an office to be elected by voters of the entire state in the past four (4) calendar years has received a number of votes equal to at least five percent (5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor."

24  TCA §2-13-10-7(f) provides that:

> "If a petition filed pursuant to this section is determined to be sufficient by the coordinator of elections pursuant to subsection (b), such party shall be recognized as a minor party for all remaining primary and general elections in the current election year. To maintain recognition beyond the current election year, a minor party must meet the requirements of a statewide political party as defined in § 2-1-104. A recognized minor party who fails to meet such requirements shall cease to be a recognized minor party. Such party may regain recognition only by following the procedures for formation of a recognized minor party. …" (Emphasis added)

25  Achieving the status of "recognized minor parties" pursuant to the requirements of TCA §2-1-104(a)(24) imposes onerous burdens on the resources of a new minor party and divert financial resources from its primary mission and purpose of promoting the party's political goals through the electoral process.

26  Retaining status as a qualified party, and avoiding the need to expend resources to regain "qualified party" statue, is dependent on the electoral performance of a party's candidates.

27  The electoral success of candidates is significantly dependent on their identification, on to ballot, by their party affiliation.

28  In Tennessee, candidates can only be identified on the ballot by their party affiliation if the party they represent is a qualified party, either a "recognized minor party" or "statewide political party"

29  The identification if Green Party candidates on the ballot by their Green Party association is essential to the advancement of the Green Party goals, message and agenda.

30  Impediments to the electoral performance of the Green Party's candidates cause injury to the Green Party.

31  Impediments to voting by progressive minded voters causes injury to the electoral performance of Green Party candidates.

32  The voter photo identification requirements of TCA §2-7-112 impose impediments to voting by supporters of the Green Party and its candidates.

33  One of the fundamental goals/purposes of the Green Party is increasing public participation in the electoral process.

34. The constituency of the Green Party and its candidates consists predominantly of voters who are students, minorities and the poor.

33. In excess of ten percent of all eligible voters do not have any form of government issued photo identification.

34. In excess of 15 percent of eligible voters over age 65 do not have any form of government issued photo identification.

35. Approximately twenty-five percent of voting age African-Americans do not have a government-issued photo identification, compared with 8 percent of voting age white citizens.

36. Fifteen percent of Tennessee households live below the official poverty line.

37. Forty percent of Tennessee residents of collage age do not have a driver's license.

38. In excess of 150,000 Tennessee voters over age 65 have driver's licenses that do not contain a photograph.

39. Citizens earning less than $25,000 are more than twice as likely to lack ready documentation of their citizenship as those earning more than $24,000

40. Tennessee's voter photo identification requirement operates to suppress voting by minorities, students, persons of low income and the elderly.

41 TCA §2-7-112 is an integrated statute and all of its related parts must individually be constitutional for the statute as a whole to be held to be constitutional.

42 Plaintiffs have been required to engage an attorney to represent them in this matter and have agreed to compensate him for his services.

## COUNT I:

43. Plaintiffs incorporate by reference the allegations contained in paragraphs 1. through 42. and say further that:

44. With respect to Tennessee voter photo identification requirements, TCA §2-7-112 provides, in relevant part:

> (c) For purposes of verifying the person's identification on the application for ballot, evidence of identification shall be:
>
> (1) A Tennessee driver license;
> (2)
>     (A) Except as provided in subdivision (c)(2)(B), a valid identification card issued by the state of Tennessee, or the United States where authorized by law to issue personal identification; provided, that such identification card contains a photograph of the voter;

(B) An identification card issued to a student by an institution of higher education containing a photograph of a student shall not be evidence of identification for purposes of verifying the person's identification on the application for ballot;
(3) A valid identification card issued pursuant to §55-50-336;
(4) A valid United States passport;
(5) A valid employee identification card issued by the state of Tennessee, or the United States where authorized by law to issue employee identification; provided, that such identification card contains a photograph of the voter;
(6) A valid United States military identification card; provided, that such identification card contains a photograph of the voter; or
(7) An employee identification card for retired state employees authorized pursuant to §8-50-118.
…

(g) An identification card issued by a county or municipality or entity thereof, including a public library, containing a photograph shall not be evidence of identification for purposes of verifying the person's identification on the application for ballot.

45. The forms of photo identification identified in TCA §2-7-112(c) are the only forms of photo identification that may be used for voting purposes.

46. TCA §2-7-112(f) provides:

"A voter who is indigent and unable to obtain proof of identification without payment of a fee or who has a religious objection to being photographed shall be required to execute an affidavit of identity on a form provided by the county election commission and then shall be allowed to vote. … "

## COUNT I-A:
## The Statutory Limitation of Acceptable Forms of
## Voter Identification is Unconstitutionally Restrictive:

47. The voter photo identification requirements of TCA §2-7-112 were intended to prevent in-person voter fraud.

48. *Any* form of photo identification that contains a voter's picture is sufficient to achieve the stated purposes of Tennessee's voter photo identification requirement.

49. TCA §2-7-112(c) only authorizes the use of enumerated forms of photo identification issued by the state of Tennessee or the United States.

50. Prior to 2012, TCA §2-7-112(c)(2)(A) authorized the use of photo identification cards issued by "any state."

- 5 –

Case 3:14-cv-01274   Document 1   Filed 06/09/14   Page 5 of 13 PageID #: 5

51. Tennessee has no valid justification for not accepting valid drivers licensed by other states.

52. TCA §2-7-112(c)(2)(B) expressly prohibits the use of student photo identification cards for voting.

53. Tennessee has no valid justification for not accepting valid student photo identification cards.

54. The limitation on acceptable forms of voter photo identification enumerated by TCA §2-7-112(c) bears no relationship to Tennessee's stated objective in enacting its voter photo identification.

55. The limitation on acceptable forms of voter photo identification enumerated by TCA §2-7-112(c) is more restrictive that necessary to achieve Tennessee's stated objective in enacting its voter photo identification.

56. The exemptions provided by TCA §2-7-112(f) are necessary to preserve the constitutionality of the general requirements of the voter photo identification statute.

57. TCA §2-7-112(f) only exempts voters whose religious beliefs oppose being photographed.

58. TCA §2-7-112(f) discriminates between voters based on the tenants of their religion.

59. Voters who are indigent or who hold certain religious beliefs are no less likely to commit voter fraud that any other voters.

60. TCA §2-7-112(f) creates a class of voters who are exempt from the general requirements of the Tennessee voter photo identification statute.

61. TCA §2-7-112(f) does not contribute to the achievement of any of the asserted justifications of the Tennessee voter photo identification statute.

62. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:
    a) Finding that TCA §§2-7-112(c) is unconstitutionally restrictive.
    b) Awarding attorney's fees and costs.

### COUNT I-B: TCA §2-7-112 Is Unconstitutionally Burdensome and Impermissibly Discriminatory:

63. The voter photo identification requirements of TCA §2-7-112 burden the voting rights of approximately 1,000,000 eligible voters.

- 6 –

Case 3:14-cv-01274   Document 1   Filed 06/09/14   Page 6 of 13 PageID #: 6

64. The voter photo identification requirements of TCA §2-7-112 impose especially heavy burdens on minorities, low-income voters, and disabled voters.

65. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:

   a) Finding that TCA §§2-7-112(c) is unconstitutionally burdensome.

   b) Finding that TCA §§2-7-112(c) is unconstitutionally discriminatory.

   c) Awarding attorney's fees and cost.

## COUNT I-C:
## TCA §2-7-112 Is Unconstitutionally Vague:

### Count I-C: Part 1:

66. All forms of photo identification identified in TCA §2-7-112(c)(3)-(6) must be "valid."

67. TCA §2-7-112(c) does not require that drivers licenses used for photo identification are not required to be "valid".

68. The word "valid" is material to the interpretation and application of TCA §2-7-112(c).

69. The word "valid" has multiple different meanings in common usage and as the word is understood by the ordinary person.

70. TCA §2-7-112 does not define the term "valid" as used in sub-sections (c)(3)-(6).

71. The customarily accepted meaning of the word "valid" is that the document is currently useable for its intended purpose.

72. The coordinator of elections has determined that *expired* photo identification cards satisfy the requirements of TCA §2-7-112.

73. Article 1, Section 4, of the United States Constitution, generally referred to as the "Elections Clause," provides, in relevant part, that:

   > "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State *by the Legislature thereof*;" (Emphasis added)

74. The coordinator of elections has no constitutional authority to expand or alter the terms of the statute as enacted by the legislature.

75. TCA §2-7-112 does not define what constitutes a "religion" for purposes of TCA §2-7-112(f).

76. TCA §2-7-112 does not define what constitutes being "indigent" for purposes of TCA §2-7-112(f).

77. An unambiguous definition of the words "valid," "religion" and "indigent" is a requirement for the proper and uniform application and enforcement of the statute.

78. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:
    a) Finding that TCA §§2-7-112(c)(3)-(6) and (f) are unconstitutionally vague and enjoining the Defendants from enforcing the voter photo identification requirements of TCA §§2-7-112.
    b) Enjoining Defendants from authorizing the acceptance of expired photo identification cards.
    c) Awarding attorney's fees and costs.

### Count I-C: PART 2:

79. TCA §2-7-112(c)(2)(A) authorizes the use of:

    "a valid identification card issued by the state of Tennessee, *or the United States* where authorized by law to issue personal identification; provided, that such identification card contains a photograph of the voter;" (Emphasis added)

80. TCA §2-7-112(c)(2) specifically authorizes the use of:

    A. "a valid United States passport [TCA §2-7-112(c)(2)(4)],
    B. "valid United States military identification card; provided, that such identification card contains a photograph of the voter." [TCA §2-7-112(c)(6)]

81. Both passports and military identification cards issues by the United States are valid identifications cards issues by the United States as permitted for voting purposes pursuant to the provisions of TCA §2-7-112(c).

82. Under the doctrine "expressio unis est exclusio alterius:"

    A. Where law expressly identifies permitted forms of photo identification, the use of all other forms of photo identification of the same class is presumptively excluded.

    B. The enumeration of specific forms of permitted photo identification cards issued by the United States presumptive excludes the use of other forms of photo identification issues by the United States.

    C. The enumeration of specific forms of permitted photo identification cards issued by the United States nullifies the general provisions of TCA §2-7-112(c)(2)(A).

83. The permitted use of *any* valid form if identification issued by the United States, when coupled with the enumeration of *specific* forms of identification issued by the United States creates an inherent *legal ambiguity* in the intent of the statute.

84. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:

   a) Finding that TCA §§2-7-112(c) is unconstitutionally vague with respect to the use of photo identification cards issued by the United States.

   b) Awarding attorney's fees and costs.

## COUNT I-C Part 3:

86. TCA §2-7-112 does not define the term "affidavit" for purposes of TCA §2§2-7-112(f).

87. An "affidavit" is a document signed under an oath administered by a person authorized by law to administer oaths.

88. The Tennessee General Assembly is presumed to have intended the work "affidavit" to have its legal meaning.

89. The form authorized by Defendants for purposes of satisfying the requirements of TCA §2-7-112(f) do not meet the legal requirements to be "affidavits."

90. **WHEREFORE,** Plaintiffs ask the Court to enter its order:

   (a) Finding that the "affidavit" form used by Defendants for purposes of TCA §2-7-112(f) do not satisfy the statutory requirements.

   (b) Enjoining Defendants from accepting an "affidavit" that has not been executed under oath administered by a person authorized by law to administer oaths.

   (c) Directing that a person authorized by law to administer oaths be present at each polling place in the state on election days.

   (d) Awarding attorney's fees and costs.

## .COUNT I-D:
## TCA §2-7-112 Is Unconstitutional When
## Applied in Presidential Elections:

91. Article 1, Section 4, of the United States Constitution, generally referred to as the "Elections Clause," provides, in relevant part, that:

   > "The Times, Places and Manner of holding Elections <u>for Senators and Representatives,</u> shall be prescribed in each State by the Legislature thereof;

but the Congress may at any time by Law make or alter such Regulations."
(Emphasis added)

91. The Elections Clause does not authorize states to establish regulations pertaining to Presidential elections.

92. The power to regulate Presidential elections is reserved to Congress.

93. Different states impose different voter identification requirements as a condition for voting.

94. Presidential elections are national and require that the voters of all states have equal rights to vote.

95. The Green Party has candidates for the office of President of the United States.

96. Impediments to voting rights of supporters of the presidential candidate of the Green Party in any state burden the Party and its Presidential candidate(s).

97. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:
    a) Declaring the Tennessee voter photo identification statute unconstitutional when applied to Presidential elections.
    b) Enjoining Defendants from the Tennessee voter photo identification requirements in Presidential elections.
    c) Awarding Plaintiff attorney's fees and costs.

## COUNT II:
### Voters Lacking a Permitted Form of Photo Identification are Unconstitutionally Burdened:

90. Plaintiffs incorporate by reference the allegations contained in paragraphs 1. through 42 and say further that:

91. Voters lacking one of the forms of photo identification enumerated in TCA §2-7-112(c)(1)-(2) or (4)-(7) or (g) must obtain and produce a photo identification card issued pursuant to TCA §55-50-336.

92. TCA §55-50-336 provides, in relevant part:

> "(a)(1) Any person eighteen (18) years of age and older, upon submission of a satisfactory application and proof of *identity*, may be issued a photo identification license restricted in use to identification only. Proof of *identity* may be furnished by birth certificate or any other

- 10 –

document as set forth in this chapter substantiating the identity of the applicant."

93. The statutory provisions for voters to obtain a free voter photo identification card are essential to the constitutionality of Tennessee's voter photo identification statute.

94. The Tennessee Department of Safety and Homeland Security requires persons seeking a "voting only" photo identification card pursuant to TCA §55-50-336 to provide proof of *citizenship*.

95. Pursuant to the Elections Clause of the U.S. Constitution, Art. 1, Sec. 4, only the *legislature* has the power to establish requirements relating to voting.

96. The requirements established by the Tennessee Department of Safety and Homeland Security exceed the requirements established by the legislature.

97. No provision of Chapter 55, other than TCA §55-50-336, identifies any document other than a birth certificate that may be presented as proof of *identity*.

98. Photo identification cards issued pursuant to TCA §55-50-336 are only issued at Driver Service Centers located in 48 of Tennessee's 96 counties.

99. Driver Service Centers are only open during normal business hours on Monday through Friday.

100. Less than half of the Driver Service Centers where photo identification cards are issued are readily accessible by public transportation.

101. More than 250,000 Tennessee citizens of voting age (5.7% of the population) do not have vehicle access.

102. More than 40,000 of the Tennessee citizens without vehicle access live more than ten miles from an office issuing voter IDs.

103. Voters who are employed are burdened by having to obtain a photo identification pursuant to TCA §55-50-336.

104. Voters who do not have ready access to transportation during normal business hours are burdened by having to obtain a photo identification pursuant to TCA §55-50-336.

105. In excess of 400,000 registered voters in Tennessee do not have a permitted form of voter photo identification.

106. Since the enactment of Tennessee's voter photo identification statute, less than 30,000 "voting-only" photo identification cards have been issued pursuant to TCA §55-50-336

- 11 –
Case 3:14-cv-01274   Document 1   Filed 06/09/14   Page 11 of 13 PageID #: 11

107. TCA §2-7-112(e) requires voters who do not have a permitted form voter photo identification at the time they vote to produce a permitted form of photo identification within *two days* or their ballot will not be counted.

108. The requirement to produce a proper form of photo identification *within two days* imposes an unconstitutional burden on voters lacking a permitted form of voter photo identification.

109. Voters requiring a photo identification issued pursuant to TCA §55-50-336 face an insurmountable burden if they are required to obtain such an identification card in the time allowed for production of a photo identification card pursuant to TCA §2-7-112(e).

110. **WHEREFORE**, Plaintiff asks the court to find that:
    A. Obtaining a voting photo identification card pursuant to the requirements of TCA §55-50-336 imposes an unconstitutional burden on voters lacking one of the forms of photo identification enumerated in TCA §2-7-112.
    B. Declaring that the combined requirements of TCA §2-7-112(e) and TCA §55-50-336 impose an unconstitutional burden on voters who do not have a permitted form of photo identification.
    C. Award Plaintiffs attorney's fees and costs.

## COUNT III:
## TCA §2-7-112 Burdens Plaintiffs' Freedom of Association:

111. Plaintiffs incorporate by reference the allegations contained in paragraphs 1. through 42 and say further that:

112. The constituency of the Green Party and its candidates are "progressive" voters and the platform of the Green Party and its candidates includes, *inter alia*, issues of particular interest to voters who are: members of minorities, collage students, persons of low income and the elderly.

113. Tennessee's voter photo identification requirement operates to suppress voting by minorities, students, persons of low income and the elderly.

114. Tennessee's voter photo identification requirement is intended to suppress voting by minorities, students, persons of low income and the elderly.

115. The value of the free association rights of individual voters is impaired if the votes of like-minded voters are suppressed and diluted.

116. Voters most likely to be denied their voting rights pursuant to the voter photo identification provisions of TCA §2-7-112 predominantly identify with the "progressive" end of the political spectrum represented by the Green Party and its candidates.

117. When the voter photo identification provisions of TCA §2-7-112 were enacted:

    A. The Tennessee House of Representatives was controlled by Republicans.
    B. The Tennessee Senate was controlled by Republicans.
    C. The Governor of the State of Tennessee House was a Republican.

118. The voter photo identification requirements of TCA §2-7-112 were enacted for the purposes of:

    A. Promoting and protecting the interests of the Republican Party.
    B. Suppressing the voting power of "progressive" voters.
    C. Denying "progressive" voters equal access to the exercise of the voting franchise.

119. **WHEREFORE**, Plaintiffs ask the Court to enter its Order and Judgment:

    A. Declaring that the voter photo identification provisions of TCA §2-7-112 are unconstitutional on the grounds that they excessively impair the freedom of association rights and voting rights of "progressive" voter.
    B. Permanently enjoining Defendants from enforcing the voter photo identification provisions of TCA §2-7-112.
    C. Award Plaintiffs attorney's fees and costs.

                              ___s/s/ ___Darrell Castle, Esq. ____
                              Darrell L. Castle, Esq,
                              4515 Poplar Avenue, Suite 510
                              Memphis, Tennessee 38117
                              901-327-2100