IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREEN PARTY OF TENNESSEE, ISA INFANTE, NORRIS DRYER, KATY CULVER, MARTIN PLEASANT, JOHN DOE AND JANE DOE<br><br>Plaintiffs,<br><br>TRE HARGETT in his official capacity as Tennessee Secretary of State, and MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee,<br><br>Defendants. | Case No. 3:14cv1274<br>Chief Judge Haynes |

# MEMORANDUM

Plaintiffs, Green Party of Tennessee, Isa Infante, Norris Dryer, Katy Culver, Martin Pleasant, John Doe and Jane Doe, filed this action under 42 U.S.C. § 1983 against the Defendants: Tre Hargett, Tennessee Secretary of State, and Mark Goins, Coordinator of Elections for the State of Tennessee. Plaintiffs seek preliminary and permanent injunctive relief for alleged violations of their rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiff Green Party of Tennessee is a political organization and the individual Plaintiffs are members of that party. Except for Plaintiff Culver, a Tennessee voter, the remaining individual Plaintiffs are also Green Party candidates for state and federal offices. Plaintiff Jane Doe is described as a male registered voter who lacks a photographic identification

1

ID, but fears disclosure of his name for fear of retaliation by eviction from his public housing for his public advocacy.

In sum, Plaintiffs contend that Tennessee's Voter Photo ID law, Tenn. Code Ann, § 2-7-112(a), with limited and discriminatory exceptions, requires an acceptable State or Federal government issued photographic identification document to vote. According to Plaintiffs, this photo ID requirement imposes undue burdens upon Tennessee voters who are the Plaintiffs' voters and supporters, namely, the elderly, poor, disabled, college students and minority voters. Plaintiffs also allege that these undue burdens on their likely voters effectively impair Plaintiffs' ability to obtain the necessary votes to meet the statutory requirements for ballot access for the Green Party as a "recognized minor party" or "statewide political party". Such ballot access enables their Party to have the Party's name affiliated with their candidates on Tennessee ballots.

Before the Court are the Plaintiffs' motions for a preliminary injunction on claims (Docket Entry Nos. 11, 12, 13 14, 15, 16, 20 and 21) to which the Defendants filed a consolidated response (Docket Entry No. 25) and the Defendants' motion to dismiss, (Docket Entry No. 22), to which Plaintiffs responded. (Docket Entry No. 27). Because a decision on the Defendants' motion may render Plaintiffs' motions moot, the Court addresses the Defendants' motion first.

In their motion, the Defendants contend, in sum, that the decision against Plaintiff Green Party in its prior action against the Defendants, <u>Green Party of Tennessee v. Hargett</u>, No. 2:13cv224 (E.D. Tenn. Memorandum Opinion and Order entered February 20, 2014), precludes this action under the <u>res judicata</u> doctrine. Attaching copies of Plaintiff's Green Party's

pleadings in the prior action, the Defendants assert that Plaintiffs here are asserting the same claims or claims that could have been presented in that prior action. The Honorable Ronnie Greer, District Judge ruled against Plaintiff Green Party. Defendants assert that in the prior action, Green Party was also asserting and representing the interests of the individual Plaintiffs in this action. Thus, Defendants contend Judge Greer's ruling precludes relitigation of any claims decided by Judge Greer or that could have been presented to Judge Greer.

From this Court's review of Judge Greer's opinion and the parties' pleadings in that prior action, there are striking similarities of claims in the two actions. Although Judge Green made numerous observations in his Memorandum about Plaintiff Green Party, the Tennessee Voter Photo ID statute and relevant Supreme Court decisions, Judge Greer concluded: "Although the defendants only raise standing of plaintiff to pursue counts I, III and V, **the Court concludes that the Green Party has not pled sufficient facts to plausibly allege its standing, either organizational or associational, as to any of the counts in the complaint.**" Green Party of Tennessee v. Hargett, No. 2:13cv224 (E.D. Tenn. Memorandum at 20) (emphasis added). In word, Judge Greer's conclusion means that in the prior action, there was not a constitutionally required "case or controversy" under Article III of the Constitution to confer jurisdiction or to decide the merits of Green Party's substantive claims in that action.

Under Article III of the Constitution, the threshold requirement for any civil action is a "case or controversy" with a plaintiff who has standing to assert the claims in the action. In determining whether a "case or controversy" exists and whether the named plaintiff has standing to complain, the Supreme Court stated in Warth v. Seldin, 422 U.S. 490 (1975):

> We hold only that a plaintiff who seeks to challenge exclusionary zoning practices

must allege specific, concrete facts demonstrating that the challenged practices harm him, and that he personally would benefit in a tangible way from the court's intervention. **Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of 'a real need to exercise the power of judicial review'** or that relief can be framed 'no broader than required by the precise facts to which the court's ruling would be applied.'

* * *

**The rules of standing, whether as aspects of the Art. III case-or- controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention.**

Id. at 508, 517-18 (citation and footnote omitted with emphasis added). In a word, " standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal". Id. at 500 (citing Flast v. Cohen, 392 U.S. 83, 99 (1968)). "[T]he adjudication of rights which a court is powerless to enforce is tantamount to an advisory opinion." City of Los Angeles v. Lyons, 461 U.S. 95, 129 n.20 (1983).

As the Supreme Court later explained: "Standing to sue is part of the common understanding of what it takes to make a justiciable case. .... Having found that none of the relief sought by respondent would likely remedy its alleged injury in fact, **we must conclude that respondent lacks standing to maintain this suit, and that we and the lower courts lack jurisdiction to entertain it.** However desirable prompt resolution of the merits EPCRA question may be, it is not as important as observing the constitutional limits set upon courts in our system of separated powers". Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102, 109-10 (1998) (citing Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)) (emphasis added with footnote omitted).

Under these principles on standing, when Judge Greer found that Plaintiff Green Party

4

lacked standing to assert any of its claims, the effect of that conclusion was that the Court lacked jurisdiction to entertain the merits of the Green Party's claims. With the lack of jurisdiction, Judge Greer could not decide the merits of Plaintiff Green Party's claims. Judge Greer's statements about the Tennessee Voter Photo ID laws are <u>dictum</u>[1] or <u>dicta</u> and can be persuasive <u>dictum</u>. or <u>dicta</u>. In any event, the Court concludes that Judge Greer's ruling in the earlier action between the Green Party and the Defendants is not entitled to <u>res judicata</u> on the merits of Plaintiff Green Party's claims and the claims of the other individual Plaintiffs in this action.

To understand Plaintiffs' challenges requires a brief reference to prior litigation by the Plaintiff Green Party in this District.[2] This action is yet another in a series of actions involving the Plaintiff Green Party's and other minor political parties' challenges to Tennessee's ballot access statutes. The Green Party seeks recognition as a "statewide political party" or "recognized minor political party" to ensure continued ballot access for its candidates.

In the earlier decisions, the Court made factual findings based upon the history of minor political parties' ballot access and expert testimony to find that with the exception of George

---

[1] Dictum is defined as "an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination; any statement of the law enunciated by the court merely by way of illustration, argument, analogy, or suggestion. Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication". Black's Law Dictionary 454 (6th ed. 1990).

[2] <u>Green Party Party et al. v. Hargett</u>, Case No. 3:13-cv-1128 (Docket Entry Nos. 30 and 31, Memorandum and Order filed March 14, 2014); <u>Green Party of Tennessee v. Hargett</u>, 953 F. Supp. 2d 816 (M. D. Tenn. 2013); <u>Green Party of Tennessee v. Hargett</u>, 882 F. Supp.2d 959 (M. D. Tenn. 2012) <u>rev'd and remanded</u>, 700 F.3d 816 (6th Cir. 2012); and <u>Libertarian Party of Tennessee v. Goins</u>, 793 F. Supp. 2d 1064 (M.D. Tenn. 2010).

Wallace's American Party, minor political parties have been unable to satisfy the 2.5% voter requirement for recognition as a "recognized minor political party" or as a "statewide political party". Green Party of Tennessee v. Hargett, 953 F. Supp. 2d 816, 827-39 (M. D. Tenn. 2013). This Court concluded that Tennessee's statutory 2.5% voter requirement, meaning approximately 40,000 plus Tennessee voters, to achieve recognition as a "statewide political party" or a "recognized minor political party", was contrary to the United States Supreme Court's decision in American Party of Texas v. White, 415 U.S. 767, 783 (1974). Id. at 851-53 There, the Supreme Court ruled: "The [Texas] District Court recognized that any fixed percentage requirement is necessarily arbitrary, but **we agree with it** that the required measure of support—1% of the vote for governor in the last general election and **in this instance 22,000 signatures-falls within the outer boundaries of support the State may require before according political parties ballot position.**" American Party of Texas v. White, 415 U.S. at 783 (emphasis added).

Although this Court has repeatedly held the 2.5% voter requirement unconstitutional, the Tennessee General Assembly retained that requirement in subsequent amendments of Tennessee's ballot access laws. Green Party of Tennessee, 953 F. Supp. 2d at 819-2, see also Green Party Party et al v Hargett, Case No. 3:13-cv-1128 (Docket Entry No.30, Memorandum at 4, 8-11, filed March 14, 2014). Although the latter ruling is on appeal to the Sixth Circuit, if the 2.5% statute is upheld, the Court would still be required to consider any Tennessee election law that adversely impacts Plaintiffs' First Amendment right to political association to secure ballot access. As the Honorable Julia Gibbons, Judge of the Sixth Circuit, stated, this Court must consider whether "[i]n practice, ... the combination of these laws imposes a severe burden on

the associational rights of the LPO, its members, **and its potential voter-supporters**". Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 595 (6th Cir. 2006) (emphasis added). Moreover, upholding the 2.5% voter requirement would underscore the importance of any State election law that impairs Plaintiffs' ability to secure "potential voter supporters". Id. As the Supreme Court stated in Warth, "The fact that the harm to petitioners may have resulted indirectly does not in itself preclude standing. When a governmental prohibition or restriction imposed on one party causes specific harm to a third party, harm that a constitutional provision or statute was intended to prevent, the indirectness of the injury does not necessarily deprive the person harmed of standing to vindicate his rights". 422 U. S. at 504-05 (citation omitted).

According to Plaintiffs' complaint, Tennessee's Voter Photo ID laws impose undue burdens upon certain groups of voters who are their supporting voters, namely voters who are college age students, minorities, the elderly and the poor. Plaintiffs need those voters' support to secure the necessary votes for party recognition and continued ballot access for their candidates under Tennessee election laws. (Docket Entry No. 1, Complaint at ¶¶ 25- 34). Plaintiffs allege the following statistical facts about the effects of Tennessee's Voter Photo ID laws:

> 33. In excess of ten percent of all eligible voters do not have any form of government issued photo identification.
> 34. In excess of 15 percent of eligible voters over age 65 do not have any form of government issued photo identification.
> 35. Approximately twenty-five percent of voting age African-Americans do not have a government-issued photo identification, compared with 8 percent of voting age white citizens.
> 36. Fifteen percent of Tennessee households live below the official poverty line.
> 37. Forty percent of Tennessee residents of collage age do not have a driver's

license.

38. In excess of 150,000 Tennessee voters over age 65 have driver's licenses that do not contain a photograph.

39. Citizens earning less than $25,000 are more than twice as likely to lack ready documentation of their citizenship as those earning more than $24,000

\*             \*             \*

63. The voter photo identification requirements of TCA §2-7-112 burden the voting rights of approximately 1,000,000 eligible voters

(Docket Entry No.1 Complaint at 4 and 6)

During a conference with counsel for the parties about a hearing on pending motions, Plaintiffs' counsel announced that Plaintiffs would not submit proof in support of their motions for a preliminary injunction. Although Plaintiffs' allegations raise substantial issues about Tennessee's Voter Photo ID laws, the Court concludes that without proof on their claims, Plaintiffs have not established the factual predicate for their motions for injunctive relief. Accordingly, the Plaintiffs' motions for a preliminary injunction should be denied without prejudice for lack of proof.

An appropriate Order is filed herewith.

ENTERED this the 23rd day of July, 2014.

William J. Haynes, Jr.
Chief United States District Judge