UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREEN PARTY OF TENNESSEE, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) NO. 3:14-cv-01274<br>) JUDGE CRENSHAW<br>) |
| TRE HARGETT and MARK GOINS, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs Green Party of Tennessee and Katy Culver (collectively the "Green Party") filed this action against Tre Hargett, in his official capacity as the Tennessee Secretary of State, and Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee (collectively "Tennessee").[1] The Green Party presents a facial challenge, pursuant to 42 U.S.C. § 1983, to Tennessee's voter identification law, Tennessee Code Annotated Section 2-7-112.[2] Before the Court is Tennessee's motion for summary judgment. (Doc. No. 120.) Tennessee filed a statement of undisputed facts (Doc. No. 122), which the Green Party does not dispute. (Doc. No. 126 at 1.) For the following reasons, Tennessee's motion is **GRANTED**.

I.     UNDISPUTED FACTS

The Green Party is a political organization "representing a constituency which shares 'progressive' political views . . . and depends upon the Green Party to represent these views 'free

---

[1] Although there were originally seven plaintiffs in the Complaint, five have been dismissed. (Docs. No. 96, 131.)

[2] The Green Party claims that it presents an as-applied challenge to the law, although its analysis and claims prove that it is a facial challenge. Either way, the Green Party has the burden of proof to show a dispute of material fact, and it fails to meet its burden.

of the political partisanship associated with established state-wide political parties.'" (Doc. No. 122 at 1-2.) The Green Party of Tennessee "has not expended any monies, funds, or other resources to educate and/or assist Tennessee voters in complying with" Tennessee's photo identification requirements. (Id. at 2.) Additionally, the Green Party of Tennessee does not know of any candidate that has suffered injury to his or her electoral performance as a result of Tennessee's voter identification law. (Id. at 3.) The Green Party of Tennessee also does not put forth any proof that any of its members were denied the ability to vote because of Tennessee's voter identification statute. In fact, in 2012, 3,873,610 votes were cast in Tennessee, and only 0.03 percent of those votes cast were not counted for failure to comply with the photo identification requirements. (Id. at 4-5.) There is no evidence that any of the 0.03 percent of votes not counted were members of the Green Party of Tennessee or intended to vote for the Green Party of Tennessee's candidate.

Plaintiff Katy Culver is a member of the Green Party and is registered to vote in Tennessee. (Id. at 2.) Culver currently possesses a proper form of identification to vote in Tennessee elections. (Id. at 3.) In fact, she voted in-person for the November 2012 and 2014 state and federal elections. (Id. at 4.) Tennessee's voter identification law has never prevented her from voting in an election. (Id.)

II. STANDARD OF REVIEW

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment requires that the Court view the "inferences to be drawn from the underlying facts . . . in light most favorable to the party opposing the motion." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

The opponent, however, has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" Matsushita, 475 U.S. at 587. "The mere existence of a scintilla of evidence in support of plaintiff's position, however, will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 479-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

III. ANALYSIS

Tennessee moves for summary judgment because: (1) the Green Party lacks standing to challenge the law; (2) Tennessee's voter identification law is constitutional; (3) Tennessee's voter identification law is not unconstitutionally vague; and (4) Tennessee's voter identification law does not burden Plaintiffs' right to vote. (Doc. No. 121.)

A. STANDING

First, Tennessee argues that the Green Party of Tennessee lacks standing to challenge the voter identification law. (Doc. No. 121 at 15.) The Green Party argues that the voter identification statute injuries it because: (1) it has an impact on voters in its constituency; (2) it impairs its freedom of association with its supporters; (3) it prevents the Green Party from garnering enough votes to remain on the ballot in future years; and (4) it forces the Green Party to assist "those of its supporters who would otherwise be discouraged by the new law from bothering to vote." (Doc. No. 126 at 3-5.) However, it offers no facts to support any of its allegations.

Standing is a jurisdictional requirement because if a plaintiff does not have standing to bring a claim, a federal court is without power to rule on the issues presented. See <u>Valley Forge Christian Coll. V. Am. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 475-76 (1982) ("[O]f one thing we may be sure: Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States."). The standing doctrine incorporates both constitutional requirements and prudential considerations and serves to limit federal jurisdiction to "cases and controversies," as required by Article III of the United States Constitution. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-61 (1992). In order to have standing: (1) the plaintiff must have suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. <u>Id.</u>

On some of its claims, the Green Party of Tennessee may assert that it has associational standing. To have associational standing, the Green Party of Tennessee must prove: (1) "its members would otherwise have standing to sue in their own right;" (2) "the interests it seeks to protect are germane to the organization's purpose;" and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." <u>Hunt v. Washington State Apple Adver. Comm'n</u>, 432 U.S. 333, 342-43 (1977).

First, the Green Party argues that the rights of every citizen are burdened by an election law, so it has standing to challenge the entire law. (Doc. No. 126 at 6.) However, the cases it cites do not stand for that proposition. Rather, those cases held that when a voter attacks the apportionment of legislative districts, every citizen has standing to challenge that apportionment when some districts have more citizens living in it than others. <u>Reynolds v. Sims</u>, 377 U.S. 533

4

Case 3:14-cv-01274   Document 132   Filed 07/13/16   Page 4 of 11 PageID #: 1446

(1964); Powell v. McCormack, 395 U.S. 486 (1969). In this case, the Green Party is not alleging that some citizens' votes are counted more than others—rather, that the voter identification requirement is unconstitutional for a variety of reasons. In a case like this, the party injured by the statute must explain the reason for its redressable injury. See Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell, 467 F.3d 999, 1010 (6th Cir. 2006) (holding that the association did not have standing to challenge Ohio's election law because its "allegations fall far short of asserting that any of plaintiffs' members have suffered or will imminently suffer a concrete, actual injury traceable to enforcement of the voter identification requirements."). Therefore, the Court will examine the Green Party's injury in each cause of action in the complaint to determine whether the Green Party of Tennessee or Culver has standing to bring the cause of action.

   1. *Count One*

In count one, the Green Party asserts four separate causes of action: that (1) the statutory limitation on the forms of accepted voter identification is unconstitutionally restrictive; (2) Tennessee Code Annotated Section 2-7-112 is unconstitutionally burdensome and impermissibly discriminatory; (3) Tennessee Code Annotated Section 2-7-112 is unconstitutionally vague; and (4) Tennessee Code Annotated Section 2-7-112 is unconstitutionally burdensome when applied in presidential elections. (Doc. No. 1.)

   (a) Limitation on the Forms of Accepted Voter Identification

The Green Party lacks standing to challenge the limitation on the forms of accepted voter identification under Tennessee law. In its complaint, the Green Party argues that it is unconstitutional for Tennessee to refuse to accept student photo identification cards or valid driver

licenses issued by other states.³ (Doc. No. 1 at 5-6.) However, the Green Party has not presented evidence that any of its members are students or that any of its members are residents of Tennessee with out-of-state driver's licenses. The Green Party of Tennessee admits that these restrictions do not cause it to expend resources, as it is undisputed that the Green Party of Tennessee does not expend resources in helping people who do not possess a proper form of identification to obtain one. Culver is not a student, and she does not allege that she has an out-of-state driver's license. Instead, it is undisputed that Culver has a valid Tennessee driver's license. Indeed, no member of the Green Party of Tennessee has been identified that has been harmed by the limitation of the proper forms of identification. Therefore, none of the plaintiffs have standing to challenge the restriction on the forms of voter identification.

    (b) Unconstitutionally Burdensome

Culver has standing to challenge the Tennessee voter identification statute as unconstitutionally burdensome. She is allegedly injured every time she votes because she must either produce a valid form of identification, sign an affidavit, or cast a provisional or absentee ballot. See Common Cause/Georgia v. Billups, 554 F.3d 1340, 1351-52 (11th Cir. 2009), interpreted by Northeastern Ohio Coalition for Homeless v. Brunner, 652 F. Supp. 2d 871, 880 (S.D. Ohio 2009) (distinguishing Billups because the plaintiffs did not assert that the imposition of an identification requirement imposed an undue burden challenge to the Voter ID Law). As Culver has standing to challenge the statute as unconstitutionally burdensome, the Court does not need to determine whether the Green Party of Tennessee also has standing. See Crawford v.

---

³ The Court notes that the Honorable Aleta A. Trauger has already held that it is constitutional for Tennessee to prohibit the use of student photo identifications to vote. Nashville Student Organizing Committee v. Harget, --- F. Supp. 3d ---, 2015 WL 9307284 (M.D. Tenn. 2015). Her analysis regarding Tennessee's interest in preventing voter fraud applies to voters attempting to use out-of-state driver's licenses as well. Id. at *5 ("The defendants have articulated what the court finds to be a rational basis for distinguishing between faculty and student identification cards, namely the different relationship that the state has with the faculty/staff of its public institutions of higher education than it has with students of these same institutions . . . .").

Marion Cnty. Election Bd., 553 U.S. 181, 189 n.7 (2008) (holding that the Democratic Party had standing so it did not need to determine whether any other plaintiff had standing).

    (c) Unconstitutionally Vague

The Green Party does not have standing to challenge Tennessee's voter identification law as unconstitutionally vague. When an association or individual challenges a statute as unconstitutionally vague, the statute must injure the plaintiff or have the possibility of injuring the plaintiff. Peoples Rights Org., Inc. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998). Here, the Green Party is challenging Tennessee's interpretation of its statute that actually *expands* the number of people who have a valid identification. In the first part of this count, the Green Party challenges Tennessee's interpretation of a "valid" identification card to include expired identification cards. (Doc. No. 1 at 7.) The Green Party of Tennessee is not injured by this provision because it allows more people to vote, and it claims that its interest is to allow more people to vote. Culver is not injured by this provision because it is undisputed that she has an unexpired driver's license and has never been denied the right to vote. Neither plaintiff has standing to challenge this provision of the Tennessee voter identification law.

Additionally, the Green Party does not have standing to challenge Tennessee's use of "religion" or "indigent" in Tennessee Code Annotated Section 2-7-112(f). The provision states that a "voter who is indigent and unable to obtain proof of identification without payment of a fee or who has a religious objection to being photographed shall be required to execute an affidavit of identity on a form provided by the county election commission and then shall be allowed to vote." TENN. CODE ANN. § 2-7-112(f). The Green Party of Tennessee does not allege that it is a religion or that it wishes to be thought of as a religion so that its voters would not need to show proper identification. The Green Party of Tennessee is unaware of any of its members that do not have

7

Case 3:14-cv-01274    Document 132    Filed 07/13/16    Page 7 of 11 PageID #: 1449

valid identifications, so it cannot show that any of its members that should be thought of as indigent but Tennessee still required a photo identification to vote.[4] Culver has an unexpired driver's license with her picture on it. As such, neither plaintiff is injured by Tennessee's interpretation of its statute, so they do not have standing to challenge it as unconstitutionally vague.

In part two of this count, the Green Party does not have standing to challenge the term "or the United States" in Tennessee Code Annotated Section 2-7-112(c)(2)(A). It alleges that because the statute lists specifically that passports and military identification cards are to be accepted, the provision allowing any valid identification card issued by the United States coupled with the listing of specific identification cards issued by the United States creates ambiguity. Neither the Green Party of Tennessee nor Culver can show any redressable injury by this provision as the Green Party has not offered any facts, so they do not have standing to challenge this provision.

In part three of this count, the Green Party does not have standing to challenge the term "affidavit" in Tennessee Code Annotated Section 2-7-112(f). The Green Party alleges that "affidavit" must be administered by "a person authorized by law to administer oaths." (Doc. No. 1 at 9.) Assuming that Tennessee is not using this interpretation, which is unclear to the Court, neither plaintiff can show any injury by allowing a person not authorized by law to administer oaths to administer affidavits to people who are exempted from the photo identification requirement of Tennessee Code Annotated Section 2-7-112(f). In addition, neither the Green Party of Tennessee nor Culver has been required to sign such an affidavit, nor have they been threatened that they might be required to sign one. Therefore, neither plaintiff has standing on this part of the count.

---

[4] The parties stipulated that the Green Party is "not aware of any instances where an otherwise eligible voter has been unable to vote because he or she could not understand the meaning of the terms "valid," "indigent," or "affidavit," as used in Tennessee's Voter Photo ID Act. (Doc. No. 116 at 6.) There is no evidence that any member of the Green Party has been denied the right to vote due to the statute.

In the last part of count one, Culver has standing to challenge Tennessee's voter identification statute when applied to presidential elections. Here, the Green Party is alleging that Tennessee's voter identification statute burdens the Green Party and its presidential candidate. (Doc. No. 1 at 10.) Construed as an unconstitutional burden challenge as applied to presidential election, Culver has standing for the reasons stated in Part (A)(1)(b) of this Opinion.

2. *Voters Lacking Permissible Photo Identification Unconstitutionally Burdened*

The Green Party does not have standing to challenge that voters lacking a permitted form of photo identification are unconstitutionally burdened, as it does in count two. (Doc. No. 1 at 10.) It is undisputed that the Green Party of Tennessee does not know of any of its members that do not have a permissible form of photo identification. It is further undisputed that the Green Party of Tennessee does not expend any resources to help people without a permissible form of photo identification obtain one. Finally, Culver has a permissible form of photo identification and has never been denied the right to vote. Therefore, neither plaintiff has standing to bring a suit on behalf of people lacking a permitted form of photo identification.

3. *Freedom of Association*

The Green Party does not have standing to bring a suit alleging that the Tennessee's photo identification law burdens its freedom of association. The Green Party alleges that the people most interested in voting for its candidates are "members of minorities, collage [sic] students, persons of low income and the elderly." (Doc. No. 1 at 12.) It alleges that the voter identification statute suppresses voting by those demographics. (Id.) However, it is undisputed that it does not know of any of its members who wish to vote but could not because of Tennessee's voter identification statute. It is further undisputed that Culver has a valid form of photo identification. The Green Party also fails to present any admissible evidence identifying how and to what extent its freedom

of association has been injured. Based on the undisputed facts in this case, the Green Party cannot show any injury to its freedom of association, and therefore lack standing to challenge the freedom of association by "progressive" voters.[5]

B. THE MERITS

The two claims that the Green Party has standing to challenge are that Tennessee's voter identification laws create an undue burden on voting generally, and that Tennessee's voter identification laws create an undue burden on voting in presidential elections. Tennessee moves for summary judgment on both claims. (Doc. No. 121 at 20, 31.) The Green Party does not dispute the facts relied upon by Tennessee and offers no facts to show that a dispute of material fact precludes summary judgment.

First, Tennessee is entitled to summary judgment on the Green Party's claim that Tennessee's voter identification statute creates an undue burden on voting. In its complaint, the Green Party claims vaguely that the statute unconstitutionally burdens citizens' right to vote, and its response to the motion for summary judgment only uses equally vague assertions when discussing the burdens. It does not allege or offer any admissible evidence on what burdens are on the Green Party of Tennessee or any of its members, including Culver. Therefore, the plaintiff has not identified a way in which the statute unduly burdens the exercise of the right to vote that the Tennessee voter identification statute provides. Judge Trauger has already ruled, and this Court agrees, that "the Tennessee Voter ID Law does not violate the Fourteenth Amendment on the grounds that it impinges on a fundamental right." Nashville Student Organizing Committee, --- F.

---

[5] To the extent the Green Party of Tennessee does have standing to bring this cause of action, Tennessee would still be entitled to summary judgment because the Green Party has not shown that its freedom of association has been or will be burdened in any way by Tennessee's voter identification statute.

10

Supp. 3d ---, 2015 WL 9307284, at *4. The Court adopts her analysis in its entirety, and grants summary judgment to Tennessee on this claim.

Next, Tennessee moves for summary judgment on the Green Party's claim that requiring a photo identification unconstitutionally adds a requirement to vote in a presidential election. (Doc. No. 121 at 31.) The Green Party asserts that the statute imposes an "unconstitutional 'qualification' on the right to vote," but again offers no admissible evidence to establish a disputed issue of material fact. (Doc. No. 126 at 27.) The Tennessee Supreme Court does not consider its voter identification statute as adding a requirement to vote, but rather as a way of enforcing the voter qualifications relating to citizenship and residency. City of Memphis v. Hargett, 414 S.W.3d 88, 108 (Tenn. 2013). It found like, like requiring voters to register, requiring a voter to present proper identification is merely a way for Tennessee to ensure that the constitutional requirements to vote are met by a prospective voter. Id. The Green Party does not show any case in any jurisdiction that holds that requiring a photo identification to vote unconstitutionally adds a requirement to vote in the presidential elections. Therefore, the Court grants Tennessee's motion for summary judgment on this claim.

IV.    CONCLUSION

For the foregoing reasons, Tennessee's motion for summary judgment (Doc. No. 120) is **GRANTED**.

The Court will file an accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE